UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | |
|---|---|
| VERSUS | CRIMINAL ACTION |
| DWAYNE J. McGRATH | NO. 04-0061-JWD-EWD |

**RULING AND ORDER**

This matter comes before the Court on a "Motion to Reduce Period of Sex Offender Registration" filed by Defendant Dwayne J. McGrath. ("Motion," Doc. 28).

In 2004, Defendant was convicted in federal court of one count of possessing child pornography and sentenced to forty-one months' imprisonment and three years' supervised release. (Doc. 24 at 1-3). In 2006, Defendant began a period of annual sex offender registrations pursuant to Louisiana law. (*See* Doc. 33-1 at 2). In 2015, the Louisiana Bureau of Criminal Identification and Information (the "Bureau"), apparently observing that it had not determined for how long Defendant would be required to register, conducted an investigation, during which the Bureau analyzed the elements of Defendant's federal conviction and determined the "most comparable Louisiana offense." (*Id.* at 2). The Bureau determined that Defendant was required to register for twenty-five years with periodic registration every six months. (*Id.* at 2-3). The Louisiana Division of Administrative Law affirmed the Bureau's decision in June 2016. (*Id.* at 7). The opinion affirming the Bureau's decision notified Defendant that he could seek rehearing or reconsideration or judicial review of the decision. (*Id.*).

Defendant's Motion was filed in June 2016. (Doc. 28). Defendant appears to allege that he should no longer be required to register as a sex offender because he has maintained a clean record during the ten years that he has been required to register as a sex offender. (*Id.* at 1-2).

Based upon attachments to the Motion, it appears that Defendant wishes to take advantage of "clean record" adjustments described in 34 U.S.C. § 20915 (formerly 42 U.S.C. § 16915), a section of the federal Sex Offender Registration and Notification Act ("SORNA"). (*Id.* at 3). The Government opposes, arguing that the Motion presents no federal question and that Defendant's claims should have been pursued further in state court. (Doc. 33 at 2-3).

Defendant is not entitled to relief. As the Government observes, Congress passed SORNA for the purpose of creating a national system for the registration of sex offenders. 34 U.S.C. § 20901 (formerly 42 U.S.C. § 16901). However, according to SORNA's interpretive guidelines, SORNA "generally constitutes a set of minimum national standards and sets a floor, not a ceiling, for jurisdictions' programs," and "[a] jurisdiction may require sex offenders to register for longer periods than those required by the SORNA standards." Office of the Attorney General; The National Guidelines for Sex Offender Registration and Notification, 73 FR 38030-01 (July 2, 2008). For example, a state may comply with SORNA by subjecting all sex offenders to lifetime registration, quarterly verification appearances, and full website posting. *Id.* Such a state would not be required to "assess individual registrants against the tier criteria in the SORNA definitions." *Id.*; *see also Carr v. United States*, 560 U.S. 438, 452-53 (2010) ("[F]ederal sex-offender registration laws have, from their inception, expressly relied on state-level enforcement. [. . .] In enacting SORNA, Congress preserved this basic allocation of enforcement responsibilities.").

Here, Louisiana agencies determined that Defendant's federal offense was most similar to one provided for in La. R.S. § 14:81.1(B)(8), entitled "Pornography Involving Juveniles." (Doc. 33-1 at 2-3). Louisiana law generally provides for a twenty-five-year registration period for such offenses. La. R.S. §§ 15:544(B)(1); 15:541(25)(d). The term and conditions of Defendant's

registration period are thus determined entirely by state law and overseen by state entities and officials, regardless of what might be set forth in SORNA.

Defendant's Responses in further support of his Motion, (Docs. 34 & 36), are unavailing. The Responses generally recite textbook principles of federal question jurisdiction in civil cases and appear to claim that the Court has jurisdiction because the state's decision was based on its interpretation of the nature of Defendant's federal offense. (*See* Doc. 36 at 2 ("Classification under Louisiana [l]aw is made by comparing the state's current law against [Defendant's] conviction, in this case Louisiana [l]aw describes that conviction as being 'from an out of state jurisdiction.'")). However, Defendant has provided no evidence or argument that his original conviction is invalid, and the Court has no source of authority to oversee the state's interpretation of its own registration laws, even where those laws are given content by reference to the elements of a federal crime.

Defendant's Motion is meritless. Accordingly, **IT IS ORDERED** that Defendant's Motion (Doc. 28) is **DENIED**.

Signed in Baton Rouge, Louisiana, on December 12, 2017.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**